Argued and submitted October 14, 1991, affirmed March 11, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## TROY DUANE HERRING,
*Appellant.*

(91-60038; CA A69526)

827 P2d 932

Joseph A. Tripi, Certified Law Student, Springfield, argued the cause for appellant. With him on the brief were Douglas R. Wilkinson and Thorp, Dennett, Purdy, Golden & Jewett, Springfield.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He assigns error to the court's order admitting the result of an Intoxilyzer test. We affirm.

After defendant was arrested for driving under the influence of intoxicants, officers Slater and Barrett transported him to the Springfield Police Department, where there was an Intoxilyzer. Before Slater administered the breath test, he observed defendant for a total of 12 minutes. He left for 3 minutes, and during that time Barrett observed defendant. When Slater returned, he asked Barrett if defendant had done anything. Barrett answered, "No, he did not." At the end of the required 15 minute observation period, Slater administered the test.

Defendant contends that the test results should not have been admitted, because the test operator, Slater, had an insufficient factual basis to be certain that defendant did not take anything by mouth, regurgitate or vomit during the 15 minute pretest observation period. He argues that all information about ingestion, vomiting or regurgitation must be expressly communicated to the test operator.

OAR 257-30-020(1)(b), promulgated pursuant to ORS 813.160, provides:

> "The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

In *State v. McVay*, 83 Or App 312, 315, 731 P2d 466 (1987), we said:

> "Although an operator may rely on information provided by another officer delegated to observe, the operator must nevertheless 'make certain' that the ingestion, vomiting and regurgitation requirements are met before administering the test. OAR 257-30-020(1)(b). At a minimum, that requires that that information be communicated to him."

In *McVay*, the test operator asked the observer a single, specific question: Had the defendant taken anything by

mouth? The observer's answer to that question did not communicate information about whether the defendant had vomited or regurgitated. 83 Or App at 315. In contrast, Slater's question to Barrett asked if defendant had done *anything*. In the context of the observation, that question obviously means: Did defendant do any of the things for which he was being observed—ingest, vomit or regurgitate? The answer that he had not done anything sufficiently communicated the required information to Slater.

The trial court did not err in ruling that the result of the breath test was admissible.

Affirmed.